# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**2010-1 SFG VENTURE LLC;**

      **Plaintiff,**

  v.                                  Case No. 10-C-1079

**EP MILWAUKEE, LLC;**
**DOC MILWAUKEE II, LLC;**
**SJ PROPERTIES SUITES, BUYCO, EHF;**
**JOHN W. ECONOMOU; and,**
**STEVE J . ECONOMOU;**

      **Defendants.**

## DECISION AND ORDER

### *NATURE OF THE CASE*

On April 7, 2010, Specialty Finance Group ("SFG") filed this diversity action in the United States District Court for the Northern District of Georgia seeking to collect over 13 million dollars, exclusive of interest and costs, owed on a promissory note (the "Note"). SFG issued the Note to non-party DOC Milwaukee LP (the "Partnership") to finance a commercial real estate project in Milwaukee, Wisconsin (the "Project"). On September 30, 2010, the current Plaintiff, 2010-1 SFG Venture ("Venture"), was substituted for SFG.

Thereafter, on November 30, 2010, United States District Judge Timothy C. Batten, issued an order, pursuant to 28 U.S.C. § 1404(a), transferring the action to this District.

The matter was directly assigned to this Court because of related actions pending before it.

Defendant SJ Properties Suites, BuyCo, ehf ("BuyCo") appeared in this District as did Defendants, EP Milwaukee LLC ("EP"), John W. Economou and Steve J. Economou (the "Economou Brothers"), (collectively "the Economou Defendants"). However, by a January 13, 2011, Decision and Order, the Court granted a motion to withdraw filed by the Economou Defendants' counsel, allowing the Economou Defendants an opportunity to obtain new counsel to represent them. However, no filing on behalf of any of the Economou Defendants has been made since the issuance of that Decision and Order.

A total of nine motions filed by Venture or BuyCo are currently pending in this action. Those motions include Venture's motion, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, to dismiss the action without prejudice. As will be explained, the Court intends to grant that motion dismissing the action without prejudice and with an award of costs to BuyCo. The Decision will render the eight remaining motions moot.

## *BACKGROUND*[1]

The focus of Venture's request for dismissal begins with this Court's December 22, 2010, dismissal of a related federal action, also filed by SFG, that sought to foreclose on the mortgage encumbering real estate located at 1150 North Water Street, Milwaukee, Wisconsin – the site of the Project. *See Specialty Finance Group LLC v. DOC Milwaukee*

---

[1] Unless otherwise stated the background facts are based on the information contained on the docket in this case, the Declaration of Eric G. Weidig ("Weidig") in support of Venture's motion to voluntarily dismiss filed on February 22, 2011, and the Second Weidig Declaration in support of Venture's motion to voluntarily dismiss without prejudice ("Weidig Decl. II") filed on April 1, 2011.

2

*LP et. al,* No. 10-C-315, 2010 WL 5419105, at *1 (E.D. Wis. Dec. 22, 2010) (the "federal foreclosure action").

On December 20, 2010, after the transfer of this action to this District, BuyCo issued its first set of interrogatories, requests to admit, and requests for production (the "first written discovery requests") to Venture in this action. (Buyco's Expedited Non-Dispositive Mot. Compel Disc. 1.) As that process was ongoing, on January 28, 2011,[2] several alleged construction lien holders, who had been defendants in the federal foreclosure action, filed an action in Circuit Court for Milwaukee County, Wisconsin to foreclose on their construction liens related to the Project, *Uihlein Electric Company, Inc. et al. v. DOC Milwaukee LP et al*, Case No. 11-CV-1052 (the "1052 state lien foreclosure action"). Buyco and Venture are included as defendants in the 1052 state lien foreclosure action.

This Court's January 13, 2011, Decision and Order, set a Rule 16 scheduling conference for April 5, 2011. On February 4, 2011, Venture served its responses and objections to BuyCo's first written discovery requests in this action. (*Id*.)

On February 11, 2011, Venture filed an answer, affirmative defenses, a counterclaim, cross-claim and a third-party complaint in the 1052 state lien foreclosure action. By its pleadings in the 1052 state lien foreclosure action, Venture seeks to foreclose its mortgage related to the Project and the rights of all other parties that have, or claim an interest, in the property, including any claims of the Defendants in the instant action. Venture also

---

[2]The Court takes judicial notice of the filing date for the 1052 state construction lien foreclosure action from the public record available at http://wcca.wicourts.gov (last visited Sept. 19, 2011).

3

seeks a judgment on the Note. EP, as well as DOC Milwaukee II, LLC and BuyCo are (or were) partners in that Partnership.

On February 22, 2011, Venture filed its Rule 41(a)(2) motion to dismiss this action. Prior to filing the dismissal motion, Venture advised BuyCo that it intended to file the motion.

On February 22, 2011, after Venture filed its motion to dismiss, BuyCo filed an expedited non-dispositive motion to compel discovery. On February 24, 2011, BuyCo also filed an expedited non-dispositive motion to compel Rule 26 disclosures.

On March 15, 2011, BuyCo filed a motion for summary judgment dismissing this action.

On March 15, 2011, BuyCo filed its response to Venture's motion to dismiss, contending that it will be "severely prejudiced" if Venture's dismissal motion is granted. BuyCo also contends that if Venture's motion is granted, the dismissal should be with prejudice, and with an award of costs and attorney's fees. BuyCo claims it has expended over $200,000 in fees and expenses defending this action which has included: (1) preparing discovery requests to SFG and Venture, reviewing Venture's document production, and preparing a motion to compel; (2) interviewing fact witnesses in Georgia and New Jersey, as well as witnesses in Iceland where BuyCo is located; (3) collecting documents in Iceland for Rule 26 disclosures; and (4) conducting the discovery deposition in Georgia of the SFG loan

4

officer that handled the loan at issue in this case. (Halloin Aff. Supp. BuyCo's Opp'n Venture Dismiss filed on Mar. 15, 2011 ("Halloin Aff.") ¶ 3. )

BuyCo states that only two personal depositions, Jeff Citrin ("Citrin") of Venture and Dilip Petigara ("Petigara") of SFG, and two Rule 30(b)(6) corporate designation depositions of Venture and SFG remain to be conducted for the initial discovery plan. (Halloin Aff. ¶ 4.) BuyCo states that such discovery can likely be completed in two or three days. (*Id.*)

BuyCo also avers that "upon information and belief," based on discovery obtained in this case, the documents that are relevant to this action have allegedly been seized by the FDIC, and the witnesses are former employees of a bankrupt entity – SFG. (*Id.* at ¶ 5.) As of the date of the Halloin affidavit, SFG had been out of business for two years and its witnesses have scattered. (*Id.*) BuyCo believes that with the passage of time it will become more difficult to pursue testimony from SFG's witnesses. (*Id.*) Venture has informed BuyCo that it cannot answer discovery requests directed at SFG, even though SFG indicated it was represented by the same counsel as Venture. (*Id.*)

On March 25, 2011, Venture's counsel received copies of three new deposition notices and related subpoenas issued by BuyCo. BuyCo also noticed a deposition of a former SFG employee.

On March 31, 2011, this Court sent the parties a letter cancelling the Rule 16 scheduling conference in light of the pending motions.

5

*ANALYSIS*

Federal Civil Procedure Rule 41(a)(2) permits a plaintiff to request voluntary dismissal, after issue has been joined by the defendants, by order of the court on terms that the court considers proper. Dismissal of a plaintiff's complaint without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), is within the sound discretion of the district court. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007); *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986). The plaintiff has the burden of demonstrating that voluntary dismissal is warranted. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994).

However, it is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer "plain legal prejudice" as a result. *Id.* (citing *Outboard Marine Corp.*, 789 F.2d at 502; *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988)). In deciding whether a defendant has shown "plain legal prejudice" the court of appeals for this circuit has identified several factors. *See Kunz v. DeFelice*, 538 F.3d 667, 677 (7th Cir. 2008). The factors include: "'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.'" *Id.* (quoting *Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). These factors are simply a guide; the enumeration of factors to be considered is not equivalent to a mandate that all the factors be

6

resolved in favor of the moving party before dismissal is appropriate. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1971).

Rule 41(a)(2) also grants a district court broad discretion to impose conditions on a voluntary dismissal of a claim. *Mother & Father v. Cassidy*, 338 F.3d 704, 709 (7th Cir. 2003) (citing Fed. R. Civ. P. 41(a)(2); *Chavez v. Ill. State Police*, 251 F.3d 612, 654-55 (7th Cir. 2001); *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2366, at 302-03 (2d ed. 1995)). For example, the Court may require the dismissal be with prejudice or condition the dismissal on the plaintiff's payments of costs and attorney's fees. *See Cauley v. Wilson*, 754 F.2d 769, 771 (7th Cir. 1985). In the case of a dismissal without prejudice, however, the defendant may have to defend again at a later time and incur duplicative legal expenses. *Id.* Thus the fee award should reimburse the defendant for expenses incurred in preparing work product that will not be useful in subsequent litigation of the same claim. *Id.* (citing *McLaughlin v. Cheshire*, 676 F.2d 855, 857 (D.C. Cir.1982)*; Victory Beauty Supply, Inc. v. Lamaur, Inc.*, 98 F.R.D. 306, 309 (N.D. Ill. 1983)).

Dismissals without prejudice are usually granted only if the plaintiff pays expenses incurred by the defendant in defending the suit up to that point. *Babcock v. McDaniel*, 148 F.3d 797, 799 (7th Cir. 1998); *Marlow*, 19 F.3d at 303. Payment of the defendant's costs serves "to offset the possible prejudice defendant may otherwise suffer from plaintiff dismissing his complaint without prejudice." *Marlow*, 19 F.3d at 303. However, if

7

after considering the *Pace* factors, a court decides to grant the plaintiff's motion for voluntary dismissal, but with prejudice, or with other conditions, the plaintiff must be given a reasonable opportunity to withdraw his motion if he finds those conditions unacceptable. *Id.* at 304-05.

### *Venture's Reasons for Dismissal*

The reasons that Venture asserts for dismissal are extremely well-taken and focus on events that transpired after this action was transferred to this District – the events in question were spurred by this Court's December 2010 dismissal of the federal foreclosure action and the subsequent filing in late January 2011 of the 1052 state lien foreclosure action naming Venture as a defendant. Venture subsequently filed cross-claims for foreclosure and judgment against the Partnership on the Note in the 1052 state lien foreclosure action. Consequently, as a part of the 1052 state lien foreclosure action, it will be necessary to determine the amount of the debt due under the Note and other loan documents. *See* Wis. Stat. § 846.01(1). The same issue would also have to be determined with respect to Venture's claims in this action. It is also likely that BuyCo will assert the same or similar defenses as it has in this action. Venture has met its burden of demonstrating this action should be dismissed on its motion and without prejudice so that the claims may be adjudicated in the 1052 state lien foreclosure action.

### *BuyCo's Efforts and Expense*

However, the Court may not allow dismissal if BuyCo will suffer "plain legal prejudice." *Tolle*, 23 F.3d at 178. With respect to BuyCo's efforts and expense, *see Pace*, 409

8

F.2d at 334, when Venture filed its motion to dismiss, discovery in this action was in its early stages. BuyCo first issued written discovery in late December 2010, and Venture had served its responses and objections to those requests.

Although the action had been pending about ten months, only preliminary activity had taken place, including the filings associated with Buyco's motions to dismiss and for change of venue in Georgia, its request for reconsideration of those motions in Georgia, and Venture's motion to strike or, in the alternative, to dismiss BuyCo's fourth,سسsixth and eighth affirmative defenses or, in the alternative, to dismiss BuyCo's affirmative defenses as counterclaims in this District. Moreover, as Judge Batten noted in his September 30, 2010, order denying BuyCo's motions to dismiss, it was "BuyCo's failure to play by the rules [that] resulted in substantial and unnecessary amounts of briefing on threshold issues in the case, and therefore served to delay these proceedings" for nearly six months. (Judge Batten's Sept. 30, 2010, Order 11.) About three weeks later, BuyCo filed a motion for reconsideration or for clarification. That motion was decided on November 30, 2010, at which time the action was transferred to this Court.

Furthermore, Venture advised BuyCo of its intent to file the Rule 41(a)(2) dismissal motion, in an effort to allow BuyCo to minimize the expense of this litigation. However, Venture's motion precipitated a flurry of filings by BuyCo. BuyCo escalated its discovery efforts and filed expedited non-dispositive motions to compel discovery and Rule

9

26 disclosures, while no discovery requests were served in this action by the Economou Defendants. It is also clear to the Court that BuyCo's efforts in this litigation will be put to beneficial use in the 1052 state lien foreclosure litigation.

*Venture's Actions*

The Court also takes note of whether Venture engaged in excessive delay and lack of diligence in prosecuting the action or provided an insufficient explanation for the need to dismiss this action. *See Pace*, 409 F.2d at 334. As previously stated, Venture reasonably requests to voluntarily dismiss this action without prejudice so that it may pursue all its claims related to the Project in the 1052 state lien foreclosure action, including its claims against the Economou Brothers on their personal guaranties of the construction loan.

In seeking dismissal, Venture has not yet determined whether it will continue to pursue its claims against the general partners of the Partnership. However, if it does, Venture wants to pursue those claims in the 1052 lien foreclosure action where its other claims relating to the construction loan and the Project are now pending. Venture has sufficiently explained its reasons for dismissal of this action that SFG, not it, initiated. Venture's explanations also rest on events that occurred after the action was transferred to this District.

There is also no indication that Venture lacked diligence in prosecuting this action. Although BuyCo asserts that Venture filed suit in the wrong venue and that BuyCo engaged in several sets of motion practice to have the case moved to the "correct" venue, those contentions are not supported by the record. The action was filed in a proper venue, and

10

BuyCo waived any argument to the contrary. (*See* Judge Batten's Sept. 30, 2010, Order 11.) The action was transferred to this Court because BuyCo persuaded Judge Batten that for the convenience of the parties, pursuant to 28 U.S.C. §1404(a), the action should be transferred to this District where it could have been brought.

BuyCo contends that Venture has delayed this action by "balking" at discovery. However, Venture responded to BuyCo's discovery requests by producing over 4,100 pages of documents and by objecting to others. (Weidig Decl. II ¶ 2.) Venture did not delay this action or lack diligence in its prosecution.

*Pendency of Summary Judgment Motion*

The Court may also consider whether a motion for summary judgment has been filed by the defendant. *See Pace*, 409 F.2d at 334. When Venture filed its dismissal motion, no summary judgment motion was pending. The parties had not completed their Rule 26 conference contemplated by the Court's January 13, 2011, Decision and Order. (Weidig Decl. II ¶ 5.) Only hours before BuyCo filed its response to the dismissal motion, BuyCo filed its motion for summary judgment. And, BuyCo argued in response to the dismissal motion that the pendency of its (newly filed) summary judgment motion warranted denial of the dismissal motion.

In *Pace*, the plaintiff filed its motion to dismiss when the defendant had already briefed its motion for summary judgment. 409 F.2d at 334. The plaintiff had not filed any brief with respect to the motion for summary judgment. *Id*. Instead, the plaintiff was

11

attempting to deprive the defendant of a ruling on the summary judgment motion by its dismissal tactic. Clearly, the *Pace* factor relating to summary judgment was meant to address the instance where a plaintiff files a motion to voluntarily dismiss *after* and *in response to* a motion for summary judgment filed by the defendant. In contrast, BuyCo's eleventh hour filing of its summary judgment is an attempt to manufacture plain legal prejudice.

### *Plain Legal Prejudice*

In sum, the Court lacks facts upon which to base a finding that BuyCo would be subjected to plain legal prejudice as a result of the dismissal. The action is in its relative infancy. The Defendants have not asserted any counterclaims. The scheduling conference that was set for April 5, 2011, was cancelled in light of the pending motions, and no scheduling order was issued in this action. BuyCo also spent time and effort preparing a motion for summary judgment even though it knew that more than three weeks earlier Venture had filed a motion to dismiss the action. Neither the pendency nor the expenses incurred with respect to those filings provide a basis for denial of Venture's motion.

### *Conclusion*

Based on the foregoing, the Court grants Venture's motion to dismiss without prejudice. It will, however, condition such dismissal by awarding taxable costs to BuyCo. However, BuyCo is cautioned that "expenses for items that will be useful in another action or that were incurred unnecessarily" cannot be awarded. *See Woodzicka v. Artifex Limited,* 25 F.Supp. 2d 930, 934 (E.D. Wis. 1998).

12

As a final matter, it is settled that a plaintiff has an option not to go forward with a motion for voluntary dismissal if the conditions specified by the court seem too onerous. 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2366, 547-58 (3d ed. 2008). Thus, the Court will allow Venture an opportunity to withdraw its motion for voluntary dismissal in the event it finds the terms and conditions of the Court's order granting it to be unacceptable. If Venture has not withdrawn its motion by the stated deadline, then without further order of the Court, the motion will be granted dismissing the action without prejudice, judgment will be entered, and costs will be awarded consistent with this opinion.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Venture has until **5:00 p.m. on September 29, 2011, to file a statement indicating whether or not the terms of the voluntary dismissal are acceptable to it**;

**If Venture has not withdrawn its motion by that date, the following orders become effective on September 30, 2011**:

Venture's motion to dismiss voluntarily without prejudice (Docket No. 69) is **GRANTED** with costs awarded to BuyCo;

BuyCo **may file a bill of costs** with the Clerk of Court;

Venture's motion to strike BuyCo's fourth, fifth, sixth, and eighth affirmative defenses or, in the alternative, dismissing the affirmative defenses as counterclaims on the

13

grounds that they fail to set forth a claim upon which relief may be granted (Docket No. 45) is **DENIED AS MOOT**;

BuyCo's Rule 7(h) expedited non-dispositive motion to compel discovery responses (Docket No. 67) is **DENIED AS MOOT**;

Venture's Rule 7(h) expedited non-dispositive motion to stay discovery and for protective order (Docket No. 70) is **DENIED AS MOOT**;

Buyco's Rule 7(h) expedited non-dispositive motion to compel Rule 26 disclosures (Docket No. 71) is **DENIED AS MOOT**;

BuyCo's motion for summary judgment (Docket No. 79) is **DENIED AS MOOT**;

Venture's motion to defer consideration of BuyCo's motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) and the Colorado River abstention doctrine (Docket No. 92) is **DENIED AS MOOT**;

Venture's Rule 7(h) expedited non-dispositive motion for a protective order concerning the Rule 30(b)(6) deposition notice to Venture (Docket No. 96) is **DENIED AS MOOT**;

Venture's Rule 7(h) expedited non-dispositive motion for protective order concerning the deposition subpoena to non-party Citrin (Docket No. 98) is **DENIED AS MOOT**; and,

The Clerk of Court is **DIRECTED TO ENTER JUDGMENT** accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**